IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| HENNON BRAGG, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-13-1950 |
| HARCO DISTRIBUTORS, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Hennon Bragg sued Harco Distributors, Inc. ("Harco") for negligence and other related claims. Pending is Harco's motion to dismiss the amended complaint.[1] For the following reasons, Harco's motion to dismiss will be granted in part and denied in part.

I. Background[2]

Bragg is a resident of Massachusetts and has been a commercial truck driver for 27 years. ECF No. 9 ¶¶ 4, 6. Harco

---

[1] Harco's motion to dismiss the original complaint (ECF No. 5) will be denied as moot.

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

is incorporated in Maryland and has its principal place of business in Harford County, Maryland. Id. ¶ 5. On January 15, 2011, Bragg was driving his tractor trailer on his regular route from Bordentown, New Jersey to Maryland for a delivery. Id. ¶ 7. On Route 40 West in Cecil County, Maryland, Bragg made a U-turn after observing that there was no oncoming traffic within "at least a quarter of a mile." Id. ¶ 8. While Bragg was making the U-turn, a car driven by Jesse Reynolds "approached at a high rate of speed," and collided with Bragg's tractor trailer. Id. ¶ 9. Reynolds's car traveled underneath the tractor trailer and exited the other side, removing the top of the car. Id. Bragg was not physically injured in the crash. Id. ¶ 10. Reynolds did not survive. Id. At the time of the crash, Reynolds was employed by Harco and was driving a vehicle with the Pepsi logo "in the scope of his employment." Id. ¶ 11. Reynolds was traveling "at an extremely high rate of speed," well over the 45 mile per hour speed limit. Id. ¶12.

On April 10, 2011, Bragg's commercial driver's license ("CDL") was suspended pending a detailed investigation of the collision. ECF No. 9 ¶ 14. During this time, he was unable to pursue his regular employment as a commercial truck driver. Id. On October 25, 2011, after the completion of the investigation, Bragg "was exonerated from any liability." Id. ¶ 15. The investigation concluded that Reynolds was traveling at a high

rate of speed, and he was under the influence of a potentially lethal amount of oxycodone. *Id.* ¶ 15. In November 2011, Bragg's driving privileges were reinstated. *Id.* ¶ 16. As a result of the accident, Bragg was "in immediate fear of his life" and suffered "extreme emotional distress, loss of sleep, anxiety and major inconvenience." *Id.* ¶ 17. While his CDL license was suspended, Bragg lost $32,500 in income. *Id.*

On July 3, 2013, Bragg sued Harco for negligence. ECF No. 1. On August 7, 2013, Harco moved to dismiss the complaint. ECF No. 5. On September 5, 2013, Bragg filed an amended complaint. ECF No. 9.[3] On September 17, 2013, Harco moved to dismiss the amended complaint. ECF No. 10. On October 2, 2013, Bragg opposed the motion. ECF No. 11. On October 21, 2013, Harco replied. ECF No. 12.

II. Analysis

    A. Legal Standard

        1. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

---

[3] In the amended complaint (ECF No. 9), Bragg pleads four causes of action:
    (1) Negligence;
    (2) Intentional infliction of emotional distress;
    (3) Negligent hiring, training, retention and supervision; and;
    (4) Negligent entrustment.
ECF No. 9.

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

4

alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2. Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving that the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

B. Harco's Motion to Dismiss

1. Proximate Causation

Harco argues that its alleged actions were not the proximate cause of Bragg's emotional or economic damages. *See* ECF No. 12 at 4; ECF No. 10-1 at 7-8.[4] The defendant's negligence must be a proximate cause of the plaintiff's alleged

---

[4] For the purposes of this argument only, Harco assumes that Bragg's allegations about Harco's actions, and the actions of its employee Reynolds, are correct. *See* ECF No. 10-1 at 8. Harco does not argue that Bragg failed to allege proximate causation for Harco's negligent entrustment or negligent supervision of Reynolds, nor that Bragg improperly alleged *respondeat superior* liability for his negligence claim. Harco appears to argue only that Bragg has failed to allege that his economic injuries were a foreseeable consequence of the accident, or that his emotional distress arose out of the conduct causing the collision. ECF No. 12 at 4-5.

harm. *See Pittway Corp. v. Collins*, 409 Md. 218, 243 (Md. 2009). "To be a proximate cause for an injury, the negligence must be (1) a cause in fact, and (2) a legally cognizable cause." *Id.* (quoting *Hartford Ins. Co. v. Manor Inn*, 335 Md. 135, 156-57 (Md. 1994)) (internal quotation marks omitted). When only one negligent act is at issue, causation-in-fact exists if the injury would not have occurred "but for" the defendant's negligent act. *Pittway*, 409 Md. at 244. If two or more independent acts result in the injury, causation-in-fact exists when "it is more likely than not that the defendant's conduct was a substantial factor in producing the plaintiff's injuries." *Id.*

In determining legal causation, the Court must consider "whether the actual harm to a litigant falls within a general field of danger that the actor should have anticipated or expected." *Pittway*, 409 Md. at 245. The question of legal causation is "grounded in foreseeability." *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 505 (Md. Ct. Spec. App. 2011). Proximate cause analysis is typically a question reserved for the trier of fact. *See, e.g., Chang-Williams v. United States*, No. DKC-10-0783, 2013 WL 4454597, at *18 (D. Md. Aug. 15, 2013); *Pittway*, 409 Md. at 253. The determination of proximate causation is a determination for the jury unless "reasoning

6

minds cannot differ." *Pittway*, 409 Md. at 253 (quoting *Segerman v. Jones*, 256 Md. 109, 135 (Md. 1969)).

Harco argues that Bragg's claims for emotional damages do not arise "out of conduct which caused the impact." ECF No. 12 at 4. "[E]motional distress that is not dependent upon a physical injury or impact or a legally cognizable fear of harm and that is based upon conduct other than that which caused the injury, impact, or fear is not compensable unless, standing alone, the conduct constituted a tort . . . ." *Alban v. Fiels*, 210 Md. App. 1, 19 (Md. Ct. Spec. App. 2013). Bragg alleges that the accident caused him to be in immediate fear of his life, and caused him to "suffer and experience extreme emotional distress, loss of sleep, anxiety, and major inconvenience." ECF No. 9 ¶ 17. His claims for emotional distress differ from those of a plaintiff who seeks to recover for events after an accident.[5] Here, Bragg alleges that he was in immediate fear of his life during the accident and suffered emotional distress as a result. See ECF No. 9 ¶ 17. Contrary to Harco's assertions,

---

[5] *Compare Alban*, 210 Md. App. at 17-19, (plaintiff could not recover for emotional distress resulting from the defendant's post-accident conduct), and *Hendrix v. Burns*, 205 Md. App. 1, 31-33 (Md. Ct. Spec. App. 2012) (plaintiff could not recover for the emotional distress she experienced from learning after the accident that the defendant was a drunk driver with a history of drunk driving), with *Benyon v. Montogmery Cablevision Ltd. Pshp.*, 351 Md. 460 at 464 (Md. 1998) (plaintiff could recover for emotional distress caused by fear of impact).

Bragg does not allege that his emotional distress resulted only from witnessing Reynolds's death or from the loss of income. See ECF No. 12 at 4; ECF No. 9 ¶ 17. Bragg has pled that his emotional distress arose out of a legally cognizable fear of death caused by Reynolds's negligent driving.

Harco also contends that Bragg's loss of income was a result of the actions of the third party administrative agency that suspended his CDL, and therefore not proximately caused by the alleged negligence. See ECF No. 10-1 at 8. Bragg asserts that the suspension of his CDL during the post-accident investigation, resulting in his loss of income, was a routine and foreseeable result of the accident which was caused by the negligence of Harco's employee. See ECF No. 11. The suspension of a commercial truck driver's license, and subsequent loss of income, is not such a highly extraordinary consequence of negligent driving as to be considered unforeseeable as a matter of law.[6] Accordingly, Bragg's claims will survive the motion to dismiss on the issue of proximate causation.

    2.    Damages for Emotional Injury

Harco argues that the complaint must be dismissed because the Court lacks subject matter jurisdiction. ECF No. 10-1 at

---

[6] Cf. Pittway, 409 Md. at 253-54 (holding that it was improper to determine proximate causation on a motion to dismiss when the facts alleged in the complaint admit the inference that the fire deaths were a foreseeable result of a defective smoke detector).

11. Harco contends that Bragg is not legally entitled to emotional damages; therefore he has not alleged damages sufficient to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.[7] Bragg asserts that he can recover damages for the extreme emotional distress, loss of sleep, and anxiety he has suffered as a result of the accident. *See* ECF No. 11 at 11-12; ECF No. 9 ¶ 17. Harco argues that Bragg's alleged emotional distress is "incapable of objective determination." ECF No. 10-1 at 9.

In Maryland, a plaintiff may recover damages for emotional distress arising out of negligent conduct, regardless of physical impact. *See, e.g., Exxon Mobil Corp. v. Albright*, 433 Md. 303, 350 (Md. 2013). Emotional distress is compensable if it is proximately caused by the conduct of the defendant and it "results in physical injury or is capable of objective determination." *Beynon*, 351 Md. at 504-05 (internal citations omitted). Physical injury provides "the objective manifestation of the alleged emotional injury," and serves "as the yardstick by which a tort victim's emotional harm may be measured." *Beynon*, 351 Md. at 507. Proving emotional injury can include evidence of such things as depression, loss of appetite,

---

[7] ECF No. 12 at 7. In his prayer for relief, Bragg seeks $32,000 for loss of income and $150,000 for emotional distress. ECF No. 9 at 7.

9

insomnia, nightmares, loss of weight, extreme nervousness, and headaches. *See Hoffman v. Stamper*, 385 Md. 1, 35 (Md. 2005).

Bragg seeks damages for the extreme emotional distress, loss of sleep, and anxiety caused by the accident and his "immediate fear for his life." *See* ECF No. 9 ¶ 17. Emotional injuries capable of objective determination arising from the fear of impact are recoverable.[8] Whether the plaintiff's claimed emotional injuries are capable of objective determination will depend on the evidence presented.[9] Maryland courts have found comparable emotional injuries to be capable of objective

---

[8] *See Beynon*, 351 Md. at 507 (plaintiff could recover for decedent's emotional injuries when pre-impact fright was capable of objective determination by skid marks demonstrating the decedent's apprehension of impending collision).

[9] *See Hunt v. Mercy Med. Ctr.*, 121 Md. App. 516, 531 (Md. Ct. Spec. App. 1998) ("Our focus thus is properly on the evidence of mental anguish produced . . . if two people experience an identical shock and suffer identical levels of resulting emotional distress, it is entirely possible that only one would exhibit objectively determinable manifestations of that injury.").

Harco relies on *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470 (Md. Ct. Spec. App. 1995), in arguing that Bragg's alleged injuries are not objectively determinable. *See* ECF No. 12 at 6. In *Bagwell*, the court affirmed the trial court's grant of summary judgment on the plaintiff's claim for negligent infliction of emotional distress. *See Bagwell*, 106 Md. App. at 518. The court also found that the plaintiff's emotional injuries were not objectively determinable based on his deposition testimony that he "became severely depressed, had difficulty sleeping, became introverted, lost his appetite, and was embarrassed to go out in public." *Id.* *Bagwell* was decided on a summary judgment motion and not a motion to dismiss.

determination.[10] Accordingly, Harco's motion to dismiss because Bragg is not entitled to emotional damages as a matter of law will be denied. Because Bragg has alleged more than $75,000 in damages, the Court has subject matter jurisdiction over this diversity suit. See 28 U.S.C. § 1332.

        3.    Intentional Infliction of Emotional Distress

Harco argues that Bragg's allegations are insufficient to support a claim for intentional infliction of emotional distress. See ECF No. 10-1 at 6. In Maryland, to state a claim for intentional infliction of emotional distress ("IIED"), the plaintiff must allege that the defendant intentionally or recklessly engaged in extreme and outrageous conduct, and the wrongful conduct caused the plaintiff severe emotional distress. See Batson v. Shiflett, 602 A.2d 1191, 1216 (Md. 1992). "IIED claims are rarely viable in a case brought under Maryland law." Takacs v. Fiore, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (internal quotation marks omitted). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

---

[10] See Hunt, 121 Md. App. at 537-38 (holding that injuries were compensable when, based on testimony, jury could find that the plaintiff's fear and stress caused him to experience fatigue, sleeplessness, constipation, and mood change.); New Summit Assoc. Ltd. P'ship v. Nistle, 73 Md. App. 351, 362-63 (Md. Ct. Spec. App. 1987) (holding that plaintiff's nervous shock, resulting in nausea, diarrhea, and an inability to sleep was a compensable injury).

atrocious, and utterly intolerable in a civilized community." *Lasater v. Guttmann*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010) (*quoting Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)).

Severe emotional distress under Maryland law must be "so severe as to have disrupted [the plaintiff's] ability to function on a daily basis." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 750 (D. Md. 1996). Maryland courts have held that there is a "high burden imposed on the requirement that a plaintiff's emotional distress be severe." *Manikhi v. Mass Transit Admin.*, 260 Md. 333, 368 (Md. 2000).

Bragg alleges that he has suffered "extreme emotional distress, loss of sleep, anxiety and major inconvenience." ECF No. 9 ¶ 17. These general allegations do not sufficiently plead severe emotional distress.[11] Broad allegations of emotional distress -- without evidentiary particulars -- lack the level of severity necessary to allege intentional infliction of emotional distress.[12] Because Bragg has failed to plead severe emotional distress, his IIED claim will be dismissed.

---

[11] *See Caldor, Inc. v. Bowden*, 625 A.2d 959, 964 (Md. 1993) ("For emotional distress to be severe, it must be so acute that no reasonable man could be expected to endure it.") (internal quotation marks omitted).

[12] *See Manikhi*, 360 Md. at 370 (dismissing plaintiff's IIED claim because the complaint did not state with reasonable certainty

12

III. Conclusion

For the reasons stated above, Harco's motion to dismiss will be granted in part and denied in part.

\_\_\_2/5/14\_\_\_  
Date

\_\_\_/s/\_\_\_  
William D. Quarles, Jr.
United States District Judge

---

the nature, intensity or duration of the alleged emotional injury).